**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4760**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JEFFERY JERMAINE JOE,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:17-cr-00768-JFA-1)

Submitted:  March 30, 2021                    Decided:  April 22, 2021

Before KEENAN and FLOYD, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

G. Wells Dickson, Jr., WELLS DICKSON, PA, Kingstree, South Carolina, for Appellant. Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffery Jermaine Joe pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute heroin, cocaine base, and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). On appeal, Joe's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the district court (1) complied with Fed. R. Crim. P. 11 in accepting Joe's plea; (2) erred in overruling Joe's objections to the career offender designation, the firearm enhancement, and the drug quantity attributed to him; and (3) imposed an otherwise reasonable sentence. Joe has filed a pro se supplemental brief arguing that the district court erred by designating him a career offender, declining to grant an additional one-level reduction for acceptance of responsibility, imposing a four-year term of supervised release, and considering dismissed counts of the indictment as relevant conduct. We affirm.

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court failed to inform Joe of the right to counsel at every stage of the proceeding, *see* Fed. R. Crim. P. 11(b)(1)(D), the potential immigration

2

consequences of the plea, *see* Fed. R. Crim. P. 11(b)(1)(O), and the court's authority to order restitution or asset forfeiture, *see* Fed. R. Crim. P. 11(b)(1)(J), (K). We conclude that these minor omissions did not affect Joe's substantial rights, that he entered his plea knowingly and voluntarily, and that a factual basis supported the plea. *See DeFusco*, 949 F.2d at 116, 119-20. We therefore affirm his conviction.

Next, we review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (alterations and internal quotation marks omitted).

Our review of the record reveals no procedural error by the district court. First, the district court properly designated Joe a career offender. *See Furlow v. United States*, 928 F.3d 311, 319-20 (4th Cir. 2019) (holding S.C. Code Ann. § 44-53-375(B) is divisible and therefore subject to modified categorical approach), *vacated and remanded on other grounds*, 140 S. Ct. 2824 (2020). The state court documents established that Joe had two or more prior convictions for controlled substance offenses, which the district court

properly relied on to apply the career offender designation. Second, we conclude that the district court did not err in imposing a two-level enhancement for possession of a firearm, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2016), and in determining the drug quantity attributable to Joe. Furthermore, Joe's assignments of error in his pro se brief are without merit. The Government's decision not to move for a three-point (rather than a two-point) reduction for acceptance of responsibility was within its discretion; Joe's four-year term of supervised release falls within the statutory range, *see United States v. Pratt*, 239 F.3d 640, 647-48 & n.4 (4th Cir. 2001) (explaining that defendants convicted under § 841(b)(1)(C) may receive term of supervised release up to life); and district courts may consider dismissed or acquitted conduct as relevant conduct at sentencing, *United States v. Jinwright*, 683 F.3d 471, 484 (4th Cir. 2012); *United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994).

As there is no "significant procedural error," we next evaluate the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "[W]e are obliged to apply a presumption of reasonableness to a sentence within or below a properly calculated guidelines range. That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (citation and internal quotation marks omitted). Joe's sentence falls within the properly calculated advisory Guidelines range, and we conclude that Joe has failed to rebut the presumption of substantive reasonableness.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Joe, in writing, of the right to petition the Supreme Court of the United States for further review. If Joe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Joe.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*